## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AN VO, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-26-727-D |
| | ) |
| WARDEN OF DIAMONDBACK | ) |
| DETENTION FACILITY et al., | ) |
| | ) |
|     Respondents. | ) |

## REPORT AND RECOMMENDATION

Petitioner An Vo, a noncitizen appearing with counsel,[1] seeks an "emergency motion to stay removal pending resolution of petition for writ of habeas corpus." Doc. 14.[2] United States District Judge Timothy D. DeGiusti referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The Government responded to the motion. Doc. 17. So the matter is at issue.

For the reasons below, the undersigned recommends the Court deny Petitioner's emergency motion to stay.

---

[1]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I.   Factual background and procedural history.

Petitioner is a native and citizen of Vietnam. Doc. 1, at 1. He was a lawful permanent resident of the United States from 1990 until 1999 when the Department of Homeland Security (DHS) charged him as deportable after he was convicted of the aggravated felony of arson in Texas in 1995. Doc. 12, at 8 & Ex. 1, at 1-2; Ex. 2 (Notice to Appear). On January 10, 2000, an Immigration Judge ordered him removed to Vietnam. *Id.* Ex. 3. DHS released him on an order of supervision (OOS) on February 14, 2000. *Id.* Ex. 1, at 2. No removal efforts occurred during the ensuing years because of a Memorandum of Agreement between the United States and Vietnam preventing the return of Vietnamese nationals who had arrived in the United States before 1995. *Id.*

On October 30, 2025, Petitioner reported as usual with Immigration and Customs Enforcement (ICE) under the terms of his OOS. After ICE made a "custody redetermination" due to a "change in policy and bed space availability," they arrested Petitioner and placed him into custody for removal. *Id.*

On December 8, 2025, and February 27, 2026, ICE issued its requests for travel documents for Petitioner. *Id.* at 2. On April 3, 2026, Petitioner was

issued a travel document for Vietnam. *Id.* at 3. Petitioner is currently scheduled for a flight to Vietnam on May 5, 2026. *Id.*[3]

Petitioner filed his habeas corpus petition on April 6, 2026. Doc. 1. He claims in Ground One of his petition that Respondents violated the Administrative Procedure Act (APA), the Immigration and Nationality Act (INA), and federal regulations when they revoked his OOS and detained him even though he had reported as required. Doc. 1, at 12-13.[4] In Ground Two, he claims he is subject to "unlawful indefinite detention" in violation of the APA, INA, the *Accardi* doctrine, and 8 U.S.C. § 1231 because Respondents have made no efforts toward his removal in several years and there is no significant likelihood they will remove him in the reasonably foreseeable future as required under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 14-15. He asserts in Ground Three that he is subject to indefinite detention in violation of his

---

[3]     Respondents have notified the Court that they intend to move Petitioner outside the Court's jurisdiction to a staging location in preparation for removal. Doc. 16.

[4]     Petitioner submits in his petition that Respondents did not comply with 8 C.F.R. § 241.4(l)(1)-(2) when they revoked his OOS without notice or an interview to afford him an opportunity to respond to the reasons for the revocation. Doc. 1, at 12-13. Respondents admit they have not provided notice or an interview but argue the decision was a discretionary "custody redetermination" under § 241.4(l)(2) to enforce a removal order. Doc. 12, at 19-20.

Fifth Amendment substantive due process rights. *Id.* at 16-17. And in Ground Four, he asserts he is subject to indefinite detention in violation of his Fifth Amendment procedural due process rights. *Id.* at 17-18. He seeks, among other things, a declaration that his re-detention is unlawful and an order to Respondents to immediately release him from detention. *Id.* at 19.[5]

In his emergency motion, he asks the Court for an order preventing Respondents from "execut[ing]" his final order of removal. Doc. 14, at 1, 5. Respondents oppose the request, citing this Court's lack of jurisdiction. Doc. 17, at 2. The Court should agree with Respondents and deny Petitioner's request.

## II.    Discussion.

The Court's first consideration must be whether it has jurisdiction to grant Petitioner's requested relief. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction." (internal quotation marks omitted)). Petitioner seeks an order enjoining Respondents from executing Petitioner's removal order. Doc. 14, at

---

[5]    Respondents filed a response to the habeas corpus petition on April 23, 2026, (Doc. 12), and Petitioner replied on April 27, 2026, (Doc. 13). So the petition is now at issue.

5. This request falls squarely within 8 U.S.C. § 1252(g)'s jurisdictional bar because it arises from Respondents' discretionary decision to execute Petitioner's removal order.

Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." The Supreme Court limits § 1252(g)'s application to those three specified actions and stresses that the statutory aim is to prevent "attempts to impose judicial constraints upon prosecutorial discretion." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 485 n.9 (1999); *see McClosky v. Keisler*, 248 F. App'x 915, 918 (10th Cir. 2007) ("Section 1252(g)'s jurisdictional limitation reaches claims that "the Attorney General is unfairly executing a removal order." (internal quotation marks omitted). "Congress decided that, as a matter of public policy, [federal courts] do not have jurisdiction to decide claims that arise from the decision of the Executive Branch to execute a removal order." *Rranxburgaj v. Wolf*, 825 F. App'x 278, 283 (6th Cir. 2020). This remains true "whether or not [federal courts] agree with ICE's decision to execute [a petitioner's] removal order." *Id.*

In *Rauda v. Jennings*, 55 F. 4th 773, 778 (9th Cir. 2022), the Ninth Circuit held that § 1252(g) deprived the court of jurisdiction over the

5

petitioner's request to enjoin the government from executing his removal order until the Board of Immigration Appeals had ruled on his motion to reopen. *Id.* at 776, 778. It held that § 1252(g)'s "plain text" precluded judicial review because the "[t]he execution of [the] removal order [was] precisely what" the petitioner was challenging. *Id.* at 777. Petitioner does the same in seeking to prevent his imminent removal.

Petitioner asserts he has raised significant challenges to the Respondents' decision to detain him, and the Court should address them before he is removed to Vietnam in a few days. Doc. 14, at 2-3. While Petitioner's challenge to the legality of his initial detention may fall squarely within this Court's habeas jurisdiction, the relief Petitioner seeks—prevention of his imminent removal—does not. *See, e.g.*, *Rauda*, 55 F.4th at 778 (holding that § 1252(g) bars any challenge to the discretionary decision to execute a removal order "[n]o matter how [a petitioner] frames it"); *cf. Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119 (2020) ("Claims so far outside the 'core' of habeas may not be pursued through habeas."). Petitioner also complains it is unfair that Respondents have decided to remove him now after he has been under an order of removal for over two decades. Doc. 14, at 4. But § 1252(g)'s jurisdictional bar "does not include any temporal caveats." *Rauda*, 55 F.4th at 777. And "the discretion to decide *whether* to execute a removal order includes

6

the discretion to decide *when* to do it. Both are covered by the statute." *Tazu v. Att'y Gen. U.S.*, 975 F.3d 292, 297 (3d Cir. 2020)).

Petitioner seeks an order preventing Respondents from executing his final removal order. Section 1252(g) bars this Court's consideration of this request. So the Court should deny Petitioner's emergency motion to stay his removal to Vietnam.

## III.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **DENY** Petitioner's emergency motion to stay his removal to Vietnam. Doc. 14.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court **by May 1, 2026**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[6] The undersigned further advises that failure to make timely objections to this

---

[6]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

7

Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 30th day of April, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

8