**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AN VO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-727-D |
| | ) | |
| WARDEN OF DIAMONDBACK | ) | |
| DETENTION FACILITY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

Petitioner An Vo filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Injunctive Relief [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4].

Petitioner is a citizen of Vietnam who has resided in the United States since 1990. Petitioner was a lawful permanent resident of the United States from 1990 until 1999 when the Department of Homeland Security (DHS) charged him as deportable after he was convicted of the aggravated felony of arson in 1995. Petitioner was ordered removed in January 2000, but he was released on an Order of Supervision (OOS). On October 30, 2025, during a check-in pursuant to his OOS, Petitioner was detained for removal. On April 3, 2026, Petitioner was issued a travel document for Vietnam, and he is currently scheduled for a removal flight to Vietnam on May 5, 2026.

1

On April 27, 2026, Petitioner filed an Emergency Motion to Stay Removal Pending Resolution of Petition for Writ of Habeas Corpus [Doc. No. 14]. In it, Petitioner asks that the Court stay his removal to Vietnam, pending resolution of his habeas petition.

Before the Court is Judge Mitchell's Report and Recommendation [Doc. No. 18], in which she recommends that the Court deny Petitioner's motion to stay removal. Specifically, Judge Mitchell concludes that this Court lacks jurisdiction to enjoin Respondents from executing Petitioner's removal order. Pursuant to 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). Citing *Rauda v. Jennings*, 55 F.4th 773 (9th Cir. 2022), Judge Mitchell reasoned:

> Petitioner asserts he has raised significant challenges to the Respondents' decision to detain him, and the Court should address them before he is removed to Vietnam in a few days. Doc. 14, at 2-3. While Petitioner's challenge to the legality of his initial detention may fall squarely within this Court's habeas jurisdiction, the relief Petitioner seeks—prevention of his imminent removal—does not. *See*, e.g., *Rauda*, 55 F.4th at 778 (holding that § 1252(g) bars any challenge to the discretionary decision to execute a removal order '[n]o matter how [a petitioner] frames it'); *cf. Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119 (2020) ('Claims so far outside the "core" of habeas may not be pursued through habeas.'). Petitioner also complains it is unfair that Respondents have decided to remove him now after he has been under an order of removal for over two decades. Doc. 14, at 4. But § 1252(g)'s jurisdictional bar 'does not include any temporal caveats.' *Rauda*, 55 F.4th at 777. And 'the discretion to decide *whether* to execute a removal order includes the discretion to decide *when* to do it. Both are covered by the statute.' *Tazu v. Att'y Gen. U.S.*, 975 F.3d 292, 297 (3d Cir. 2020).

2

[Doc. No. 18, at 6-7].

In Petitioner's objection, he again asserts that his challenge is to the legality of his detention, and not a challenge to the execution of his removal order. [Doc. No. 19, at 2-3]. However, the Court agrees with Judge Mitchell that the present motion to stay removal is plainly requesting an order staying the execution of Petitioner's removal order. The Court further agrees with Judge Mitchell that, under 8 U.S.C. § 1252(g), this Court does not have jurisdiction to enjoin Respondents from removing Petitioner to Vietnam.

For these reasons, the Court **ADOPTS** the Report and Recommendation [Doc. No. 18] in full, and Petitioner's Emergency Motion to Stay Removal Pending Resolution of Petition for Writ of Habeas Corpus [Doc. No. 14] is **DENIED**.

**IT IS SO ORDERED** this 4th day of May, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

3