**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AN VO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-727-D |
| | ) | |
| WARDEN OF DIAMONDBACK | ) | |
| DETENTION FACILITY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

Petitioner An Vo filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Injunctive Relief [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4].

On April 3, 2026, Petitioner was issued a travel document for his removal to Vietnam, and he was scheduled on a removal flight for May 5, 2026. On April 27, 2026, Petitioner filed an Emergency Motion to Stay Removal Pending Resolution of Petition for Writ of Habeas Corpus [Doc. No. 14]. Judge Mitchell issued a Report and Recommendation [Doc. No. 18], recommending that the Court deny Petitioner's motion to stay on the basis that the Court lacked jurisdiction to "hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to … execute removal orders against any alien." *See* 8 U.S.C. § 1252(g).

On May 4, 2026, the Court adopted the Report and Recommendation and denied Petitioner's request to stay his removal. For the reasons stated in the prior Order [Doc. No.

1

20], the Court agreed with Judge Mitchell that the Court lacked jurisdiction to enjoin Respondents from removing Petitioner to Vietnam.

On May 6, 2026, Petitioner filed a second Emergency Motion to Stay Removal, for Temporary Restraining Order, and for Supplemental Habeas Corpus Relief Pursuant to 28 U.S.C. § 2241 [Doc. No. 21]. Petitioner contends that there was an issue with his removal flight to Vietnam, which was forced to turn around, and that Petitioner is now in custody in Louisiana. The crux of Petitioner's second emergency motion to stay is that Respondents' conduct of "attempting removal in the face of pending federal habeas proceedings … constitutes a grave threat to this Court's jurisdiction." [Doc. No. 21, at 2].

Respondents filed a prompt response [Doc. No. 22]. In it, Respondents represent that Petitioner's removal flight on May 5, 2026, was en route to Vietnam when it was forced to turn around due to another passenger's medical emergency. Respondents further represent that Petitioner's next removal flight is scheduled for today, May 7, 2026.

Upon review of Petitioner's second motion to stay, Petitioner has not provided the Court with any reasons to reconsider its previous determination that it lacks jurisdiction to enjoin Petitioner's removal to Vietnam, under 8 U.S.C. § 1252(g). Further, the Court's prior Order [Doc. No. 20] plainly authorized Respondents to move forward with Petitioner's removal to Vietnam on May 5, 2026. Upon review of the parties' briefing, the Court does not find Respondents' conduct of attempting to remove Petitioner on May 5, 2026, or the circumstances surrounding the flight's cancellation and prompt rescheduling, to be violative of this Court's prior Order. For these reasons, the Court again declines to stay Petitioner's imminent removal to Vietnam.

2

Petitioner's second Emergency Motion to Stay Removal, for Temporary Restraining Order, and for Supplemental Habeas Corpus Relief Pursuant to 28 U.S.C. § 2241 [Doc. No. 21] is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall file a status report on or before 5:00 p.m. on Friday, May 8, 2026, as to the status of Petitioner's removal flight currently scheduled for May 7, 2026.

**IT IS SO ORDERED** this 7th day of May, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE